IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN J. McGOLDRICK,

    Petitioner,

vs.

    Case No. 05-3288-JTM

DAVID R. McKUNE et al.,

    Respondent.

**MEMORANDUM AND ORDER**

This matter comes before the court on the petitioner's application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

Petitioner, Brian J. McGoldrick, is a Kansas inmate at the Lansing Correctional Facility presently in custody pursuant to state convictions. Petitioner seeks federal habeas relief on several grounds, alleging: 1) the state sentencing court's decision to impose a greater sentence than that recommended under petitioner's plea agreement violated petitioner's constitutional rights; 2) the state violated the terms of the plea agreement; 3) there was insufficient factual basis to support petitioner's guilty plea; 4) petitioner was convicted of two offenses that never occurred; and 5) petitioner received ineffective assistance of counsel.

After reviewing the parties' arguments, the court denies petitioner's application.

**I. BACKGROUND**

Petitioner was charged with three counts of aggravated robbery, nine counts of robbery,

and one count of possession of cocaine.  A preliminary hearing was held, and petitioner was bound over for trial.  Many of the witnesses at the preliminary hearing identified petitioner as the perpetrator of the robberies, and he had confessed to most of the crimes to law enforcement.

Over the next few months, petitioner met with his counsel several times.  They discussed the strength of the State's case and decided that the best course of action was to pursue a plea agreement.  Petitioner's counsel negotiated a plea agreement with the State in which two of the three aggravated robbery charges would be reduced to simple robbery charges; one of the robbery charges would be dismissed; a recommendation would be made that petitioner be sentenced in the middle of the appropriate sentencing guidelines box based on his criminal history for the crime of aggravated robbery; and all other sentences would run concurrently.

On December 30, 1999, pursuant to a plea agreement, petitioner pled guilty in the District Court of Sedgwick County, Kansas, to one count of aggravated robbery in violation of Kan. Stat. Ann. § 21-3427; nine counts of robbery, in violation of Kan. Stat. Ann. § 21-3426; and one count of possession of cocaine, in violation of Kan. Stat. Ann. § 65-4160(a).

On January 27, 2000, the Sedgwick County District Court sentenced petitioner to a controlling term of 412 months imprisonment.  Rather than following the recommendations set forth in the plea agreement, the sentencing court imposed consecutive sentences upon petitioner up to the maximum period allowed by law (412 months).  Following his sentencing, petitioner filed a motion to withdraw his plea of guilty, alleging that he was under such emotional distress that he could not knowingly, voluntarily, and intelligently waive his rights and enter a guilty plea, and that his counsel was ineffective during the plea negotiations.

At the hearing on his motion to withdraw his plea, petitioner testified that he was under

emotional distress at the time he entered his plea, which was confirmed by his counsel. Petitioner also claimed that he was not informed by his counsel (or anyone) that the sentences could run consecutively and that he was facing a maximum sentence of 412 months. He alleged this constituted ineffective assistance of counsel.

Petitioner's counsel testified that he met with petitioner several times prior to the entry of his guilty plea. He testified that he discussed the plea agreement in detail with petitioner, and advised petitioner of the maximum sentence he could be facing on each charge. He also advised petitioner that the court was not bound by the plea agreement. The written plea agreement noted that the court could run the sentences concurrently or consecutively.

The district court heard the testimony of petitioner and his trial counsel, and the arguments of counsel. On February 22, 2000, the district court denied petitioner's motion to withdraw his plea.

On April 5, 2002, petitioner filed a motion for state habeas corpus relief pursuant to Kan. Stat. Ann. § 60-1507, alleging that he was denied his right to effective assistance of counsel, that his plea agreement was invalid under various contract law theories, the State violated the terms of the plea agreement, there was an insufficient factual basis to support his pleas, and that he was convicted of crimes that never occurred. The Sedgwick County District Court denied the petition, and the Kansas Court of Appeals affirmed. McGoldrick v. State, 33 Kan.App.2d 466, 104 P.3d 416 (2005). On June 9, 2005, the Kansas Supreme Court denied review.

On June 27, 2005, petitioner filed for federal habeas relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Kansas.

**II. STANDARD OF REVIEW**

For petitions filed after April 24, 1996, the court applies the federal habeas statute as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (hereafter "AEDPA"). See Martinez v. Zavaras, 330 F.3d 1259, 1262 (10th Cir. 2003). The Act places new constraints on federal review of petitions for writ of habeas corpus. Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). Where a state court has adjudicated a petitioner's claims on the merits, the application for federal habeas will be granted only if the petitioner establishes one of the following: 1) the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or 2) that the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). In other words, under the "contrary to" clause, a federal court may grant a writ of habeas corpus only if the state court reached a conclusion opposite to that reached by the Supreme Court on a question of law or decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts. See Williams, 529 U.S. at 412-13. Under the "unreasonable application" clause, a federal court may grant the writ if the state court unreasonably applied the governing legal principle to the facts of the petitioner's case. Williams, 529 U.S. at 413. The court must determine whether the application was objectively unreasonable. Id. at 409, 120 S.Ct. at 1521.

The federal court does not stand to correct errors of state law and is bound by a state court's interpretation of its own law. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The court presumes the state court made the correct factual determinations,

and petitioner bears the burden of rebutting this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Fields v. Gibson, 277 F.3d 1203, 1221 (10th Cir. 2002); Martinez, 330 F.3d at 1262. This presumption does not extend to legal determinations or to mixed questions of law and fact. Herrera v. Lemaster, 225 F.3d 1176, 1178-79 (10th Cir. 2000). If the state court employed the wrong legal standard in deciding the merits of the federal issue, the court will not apply a deferential standard of review. Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003).

### III. ANALYSIS

#### A. The State Sentencing Court and the Plea Agreement

Petitioner raises several issues related to the plea agreement. He argues that the sentencing court's alteration of the plea agreement violates the contract clause, that the plea agreement was an illegal, illusory contract violating his due process rights; that the sentencing court's alteration of the plea agreement violated his due process rights; and that the sentencing court violated the doctrine of separation of powers. This court is not in agreement.

Kansas law recognizes a plea agreement as a contract between the State and a defendant, to which the court is not a party. State v. Boswell, 30 Kan.App.2d 9, 13, 37 P.3d 40 (2001). See also White v. Gaffney, 435 F.2d 1241, 1245 (10th Cir. 1970). In accordance with state sentencing guidelines, a court may impose a sentence greater or lesser than what is set forth in the plea agreement. Boswell, 30 Kan.App.2d at 13.

The record includes petitioner's signed copy of the plea agreement. The plea agreement explicitly noted that petitioner could be sentenced for the charges in all twelve counts, if he chose to plead guilty. The plea agreement also stated that the court could order that sentences run consecutively. During the hearing on the motion to withdraw the plea, trial counsel testified that

he made sure that petitioner understood that the sentencing court could sentence him for a higher or lower term. However, trial counsel also stated that he did not specifically discuss that if the sentences ran consecutively, petitioner faced a sentence of 412 months. See <u>Wadsworth v. State</u>, 25 Kan.App.2d 484, 485, 967 P.2d 337, <u>rev denied</u> 266 Kan. 1116 (1998) (noting that a defendant's knowledge of the maximum sentence is sufficient to find the plea agreement knowing and voluntary, even if the defendant was not advised that the sentence could run consecutively).  Based on the terms of the plea agreement and the hearing testimony, the state sentencing court was free to impose a greater or lesser sentence than the State's recommendation. Although this was contrary to petitioner's expectation, the court finds that petitioner's right to due process was not violated.  Since the court was not a party to the plea agreement and the agreement explicitly recognized the court's independent judgment would be a factor in sentencing, this court cannot find that the state court interfered with the executive branch's authority.  See <u>State v. Heffelman</u>, 256 Kan. 384, 395, 886 P.2d 823( 1994); <u>State v. Ford</u>, 23 Kan.App.2d 248, 253, 930 P.2d 1089 (1996) <u>rev. denied</u>, 261 Kan. 1087 (1997) (noting that the district court is not bound by the plea agreement between the State and the defendant).

Accordingly, the court rejects petitioner's various arguments as to the state court's sentencing as violating petitioner's rights. These arguments fail to apprehend the terms and parties to the plea agreement.

**B. Allegations of State Violation of the Plea Agreement**

Petitioner argues that the State had an affirmative duty to advocate the sentencing recommendation during the sentencing hearing and that the prosecutor's silence violates this duty.  Under the plea agreement, the State identified the primary offense for sentencing purposes

6

as aggravated robbery. The State recommended that the sentence be the middle number of the appropriate sentencing guideline, to be determined by petitioner's criminal history. The State also recommended that the sentences run concurrently. The plea agreement was filed with the district court, and the State did not make any further recommendations. Thus, the State upheld its obligations under the plea agreement relating to the sentencing hearing.

Petitioner cites a case from the U.S. Court of Appeals for the Ninth Circuit, <u>United States v. Myers</u>, 32 F.3d 411, 413 (9th Cir. 1994), in support of his claim. In <u>Myers</u>, the government stated in its report that it would recommend a sentence at the low end of the range, and it pointed to facts in the presentence report that encouraged the court to give a sentence at the high end of the range. <u>Id.</u>  <u>See also</u> <u>United States v. Smith</u>, 140 F.3d 1325 (noting that "[c]ourts routinely hold that prosecutors breach plea agreements when they engage in condemnatory speech or contradictory acts at sentencing"). Here, the State did not state anything more than what was in the report. It did not provide facts that would encourage a higher sentence. Furthermore, petitioner does not point to any precedent in this state or circuit in support of his proposition that the prosecutor's silence was insufficient where a report had already been submitted to the court. In fact, the Tenth Circuit has held that a "sentencing judge may exercise his discretion at sentencing without transforming the prosecutor's silence into a breach of an agreement." <u>Smith</u>, 140 F.3d at 1327. The court finds no error in the State's conduct.

Next, petitioner argues that the State advocated the maximum sentence, rather than the sentence set forth in the plea agreement, during the motion to withdraw the guilty plea. On appeal, the Kansas Court of Appeals decided that the plea agreement language indicated that the State's obligation under the plea agreement ended at the original sentencing hearing. The court is

in agreement with the Kansas Court of Appeals.  The plea agreement clearly states that the sentencing recommendation applied only to the original sentencing hearing, and not to subsequent hearings such as the motion to withdraw the guilty plea.  Although this condition is set forth in a paragraph with other conditions, it is not intended to be read together with the other conditions.  Each condition stands separately and should be read separately.  See McGoldrick, 33 Kan.App.2d at 473.  The State has no obligation to continue to advocate the terms of a plea agreement in a subsequent hearing where petitioner is attempting to withdraw his plea.

Therefore, the court does not find support for petitioner's argument that the State violated the plea agreement.

## C. Factual Basis for the Robbery Offenses and Alleged Conviction for Two Offenses That Did Not Occur

Petitioner argues that there was insufficient factual basis to support his guilty pleas to the robbery charges and that these events never occurred. "[A] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).  A guilty plea forecloses any opportunity to reopen the factual basis upon which convictions rest. Id. at 571; Jackson v. Coalter, 337 F.3d 74, 79 (1st Cir. 2003).  See also United States v. Hill, 53 F.3d 1151, 1155 (10th Cir. 1995); United States v. Allen, 24 F.3d 1180, 1183 (10th Cir. 1994).

Here, petitioner entered into a plea agreement and entered a plea of guilty, admitting to the factual and legal elements for convictions.  Dissatisfied with the sentence the state court entered, petitioner asked to withdraw his guilty plea.  The court rejected this motion.  Under

these circumstances, petitioner already admitted to the factual basis upon which the convictions rest. Petitioner cannot now challenge the underlying facts. Accordingly, the court is in agreement with the Kansas Court of Appeals and finds no basis for federal habeas relief. McGoldrick, 33 Kan.App.2d at 473.

**D. Ineffective Assistance of Counsel**

The final issue before this court is whether petitioner received ineffective assistance of counsel in violation of the Sixth Amendment. Petitioner sets forth various grounds for this court to find ineffective assistance of counsel at the trial and appellate level, including: (A) failing to know the law regarding theft and robbery, and failing to advise petitioner regarding the law, before advising him to plead guilty to robbery when his actions only amounted to theft; (B) failing to know the law regarding aggravated robbery and failing to advise petitioner that aggravated robbery required the use of force before or contemporaneous with the taking of property; (C) failing to investigate the charges against petitioner before having him plead guilty to two offenses not charged; (D) erroneously advising petitioner that a mere look was sufficient to establish the "threat of bodily harm" element; (E) failing to advise petitioner that his actions only constituted theft, or theft by threat, so petitioner could have made an informed decision about whether or not he should go to trial; (F) erroneously advising petitioner that if he went to trial he could receive consecutive sentences for every offense and leading him to erroneously believe that he could receive a sentence of thousands of months long; (G) erroneously advising petitioner that if he did not take the guilty plea before the new sentencing guidelines took effect he would be subject to the new increased sentence; (H) failing to make sure that the plea agreement contract had a clause permitting petitioner to withdraw his guilty plea if the court failed to impose the 194-month sentence; (I) failing to supply petitioner with a copy of the plea

9

agreement, and reviewing that agreement with him, prior to entering the courtroom for the guilty plea proceedings; (J) overcoming petitioner's desire to take his case to jury trial by deception when counsel told petitioner that the judge's statement that he was not bound by the plea agreement was merely pro forma verbage, and by further threatening to walk out on petitioner if he did not follow through with the guilty plea; (K) both attorney Douglas L. Adams, Jr.'s and Michael C. Brown's failing to assert that petitioner would not have pled guilty and would have insisted on going to trial at the motion to withdraw guilty plea hearing; (L) attorney Adams' failing to advise petitioner of the total possible sentence he would be sentenced to with consecutive sentences; (M) both attorneys failing to raise the issues in this petition; (N) appellate counsel's failing to raise all the issues petitioner included in his motion to withdraw his guilty plea, including the failure to advise petitioner of the maximum possible sentence on direct appeal; and (O) appellate counsel's failing to raise the issues in this application on direct appeal.

An ineffective assistance of counsel claim requires petitioner to show: 1) that his counsel's performance fell below an objective standard of reasonableness; and 2) that the deficient performance prejudiced his case. Strickland v. Washington, 466 U.S. 668, 687-89, 104 S.Ct. 2052, 2064-2065, 80 L.Ed.2d 674 (1984). Under AEDPA, the court generally defers to the decision of the state court and intervenes only when the state court's determination involves "unreasonable application" of clearly established federal law. Paine v. Massie, 339 F.3d 1194, 1198 (10th Cir. 2003); Upchurch v. Bruce, 333 F.3d 1158, 1164 (10th Cir. 2003).

Petitioner alleges ineffective assistance of counsel against both his trial counsel and appellate counsel. His first set of allegations are directed at his trial counsel's competency. As to claims (A), (B), (C), (D), and (E), there is no evidence to indicate that petitioner's counsel was unfamiliar with the law as it relates to theft, robbery, or aggravated robbery. The facts in this

case indicate that there was sufficient evidence to charge robbery and aggravated robbery, rather than simple theft. The record makes clear that counsel engaged in reasonable legal research and advised petitioner as to the meaning of the relevant terms. After having entered a guilty plea on two offenses, petitioner cannot now claim that those incidents never occurred.  As to claim (D), there was sufficient evidence presented at the hearing to withdraw the guilty plea to conclude that petitioner gave more than a menacing look at his victims. Claim (E) merely restates the prior allegations, which the court has already discredited and found to be without merit.

Claims (F) through (J) relate to counsel's assistance with the plea agreement. The record testimony indicates that counsel believed the plea agreement was in the best interest of petitioner. Counsel also explained that the new sentencing guidelines did not apply to petitioner but that the prosecutor's misunderstanding could be used to petitioner's advantage.  As to introducing a clause allowing petitioner to withdraw his guilty plea, this would likely not have a binding effect since Kan. Stat. Ann. § 22-3210(4)(d) governs plea withdrawals.  It is unlikely that prosecutors would sign on to such an agreement either way.  See Ford, 23 Kan.App.2d at 253, 930 P.2d at 1094 (noting that state statute restricts what the State may contract in a plea agreement). There is also evidence on the record that counsel reviewed the plea agreement with petitioner. Although petitioner did not have a copy at the hearing, he had previously received a copy with boilerplate language and later discussed additions to the plea agreement. Prior to the entry of his plea, petitioner also received a written copy of the final agreement, which he had time to review. Finally, there is no evidence to indicate that petitioner was coerced into plea negotiations. Counsel believed petitioner would receive better terms through a plea agreement, though noting that the court was not bound by the agreement. It was objectively reasonable for counsel to note that the judge would normally follow the agreement.

As to claim (K), this claim is only properly alleged against petitioner's post-conviction counsel Brown.  State law permits withdrawal of a plea after sentencing only in instances where there is "manifest injustice."  Kan. Stat. Ann. § 22-3210(4)(d); Wadsworth v. State, 25 Kan.App.2d 484, 967 P.2d 337 (1998).  The fact that petitioner no longer wished to plead guilty because of the length of the sentence is not a valid ground for withdrawal based on Kansas law. Additionally, the record indicates that petitioner had confessed to law enforcement and had wanted to pursue a plea agreement. Under these circumstances, the court cannot conclude that counsel was ineffective.

As to claim (L), the record indicates that counsel advised petitioner of the maximum sentence.  As previously noted, counsel also advised petitioner that the court was not bound by the agreement and could run sentences consecutively. Based on these facts, petitioner was aware of the possibility of a longer sentence. The court finds no error.

Petitioner's remaining claims, (M), (N), and (O), reiterate the arguments already discussed here. Petitioner emphasizes that counsel should have raised the arguments petitioner raised here.  As this opinion sets out, petitioner's claims are without merit. Thus, counsel was under no obligation to raise these claims.  Martin v. Kaiser, 907 F.2d 931, 936 (10th Cir. 1990) (holding that failure to raise meritless argument cannot constitute ineffective assistance of counsel).

This court finds the state court adequately reviewed counsel's role based on the standard set forth in Strickland. The court does not find grounds for disturbing the prior ruling.

IT IS ACCORDINGLY ORDERED this 10th day of May 2006, that the court denies petitioner's application for writ of habeas corpus.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE